# Devine *v.* Frankford Steel & Forging Company, Appellant.

*Equity—Injunction—Preliminary injunction—Receiver—Corporation—Intercorporate conspiracy.*

A bill was filed by a minority stockholder of a corporation for the purpose of setting aside an alleged fraudulent contract between her company and another company, the holders of a majority of shares in both companies being the same. The parties defendant were the two corporations

and the persons who held the majority of shares in both companies.  The bill alleged that the complainant was induced to vote in favor of the contract at a stockholders' meeting by reason of certain misrepresentations made to her.  The bill charged that plaintiff's company had been deprived of profits which had been wrongly appropriated by the other company, and that defendants proposed to transfer the business of the first company to the second company.  The court entered a decree appointing a receiver and enjoining the officers from in any manner dismantling the plant of the plaintiff's company, removing its machinery or otherwise materially changing its present method of operation until final hearing.  *Held*, on appeal that the portion of the decree appointing a receiver should be reversed, and that the remainder of the decree should be affirmed, but in such a way as not to enjoin the officers of plaintiff's company from operating the company or from removing the superintendent and such employees as they might deem expedient.

Argued Feb. 11, 1903.  Appeal, No. 37, Oct. T., 1903, by defendant, from decree of C. P. Lawrence Co., on bill in equity in case of Annie M. Devine v. Frankford Steel & Forging Company, the Tindel-Morris Company, Adam Tindel and L. I. Morris.  Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.  Reversed in part.

Bill in equity for an injunction, and for the appointment of a receiver.  Before WALLACE, P. J.

The bill averred that plaintiff was the owner of 205 shares of stock of the Frankford Steel & Forging Company, and that the defendants Adam Tindel and L. I. Morris were the owners of a majority in interest of the capital stock of the Frankford Steel & Forging Company and the Tindel-Morris Company; that Tindel and Morris through their control of the two corporations fraudulently conspired to bring about an agreement between the two companies by which the Tindel-Morris Company was to take over the business of the Frankford Steel & Forging Company in consideration of the guaranty by the Tindel-Morris Company of a dividend of ten per cent per annum upon the capital stock of the Frankford Steel & Forging Company; that plaintiff was induced to vote in favor of this agreement at a stockholders' meeting by reason of misrepresentations made to her by Tindel and Morris.  The complaint specifically charged as follows:

7. Your oratrix is informed and believes, and so charges, that the consideration for said transfer by the Frankford Steel

& Forging Company of its business to the Tindel-Morris Company was appropriated by said Tindel and Morris; that said transfer was made illegally, without proper warrant or authority, upon terms and conditions that were unfair, inequitable and unjust to the Frankford Steel & Forging Company and its stockholders, and that said arrangement, contract or agreement, in whatever form made, would never have been made except for the fact of the conspiracy, confederacy and fraudulent intent of said Tindel and Morris as aforesaid, and could never have been effected except through the control of both of said companies by said Tindel and said Morris, who, by specious promises lulled the suspicions of your oratrix and induced her by protestations of friendship and interest in her and her children to consent to such transfer, she at the time having no sufficient knowledge or information in the premises to enable her to form any intelligent opinion upon the subject.

The defendants in their affidavits denied that there had been any misrepresentation.

The court granted a preliminary injunction [enjoining the defendants Adam Tindel, L. I. Morris and the Tindel-Morris Company from in any manner interfering with the present operation of the Frankford Steel & Forging Company, and the said Tindel and Morris and other officers of the Frankford Steel & Forging Company from in any manner interfering with the present management and operation of said Frankford Steel & Forging Company, and from dismissing, discharging or removing any of the managers, employees or operatives of said Frankford Steel & Forging Company except by and with the consent of its present superintendent and manager, Robert F. Devine, and that the said Tindel and Morris and the officers of said Frankford Steel & Forging Company be further inhibited and enjoined from discharging, dismissing or removing until the further order of court said Robert F. Devine as manager and superintendent of said Frankford Steel & Forging Company, and the said Frankford Steel & Forging Company and its officers and managers are inhibited and enjoined from in any manner dismantling the plant, removing its machinery, transferring the same, or otherwise changing its present method of operation.] [1]

Subsequently the court continued the injunction and [ap-

pointed receivers to take charge of the property, estate and effects of the Frankford Steel & Forging Company, and to manage the same ; make all contracts necessary to keep it in operation, conduct and manage its business, employ the necessary clerks, assistants, laborers and workmen to carry on and conduct the business as heretofore conducted, etc. ; to demand of Adam Tindel, L. I. Morris and Tindel-Morris Company that they turn over to the said receivers all the orders received by them for the manufacture of products by the Frankford Steel & Forging Company, and all other orders for the manufacture of products hereafter coming into their possession for the use, benefit and advantage of the said the Frankford Steel & Forging Company.] [2]

*Errors assigned* were portions of decrees as above, quoting them.

*John G. Johnson*, with him *E. Hunn Hanson*, for appellants.— The majority stockholders entered into the contract, acting in entire good faith.

No misrepresentation was made to the appellee to induce her to vote in favor of the contract.

The contract not being tainted with fraud was valid: Graham v. Pancoast, 30 Pa. 89 ; Atlantic Delaine Co. v. James, 94 U. S. 207 ; Oglesby v. Attrill, 105 U. S. 605 ; Malone v. Lancaster Gas Light Co., 182 Pa. 309.

The appellee is estopped, under all the circumstances, from disputing the validity of the contract.

Even though the contract was invalid, a preliminary decree appointing a receiver was without warrant.

Even though the contract was invalid, the grant of a special injunction was unwarranted.

*A. Leo Weil*, with him *Winternitz & McConaghy* and *Charles M. Thorp*, for appellee.—Courts view with suspicion contracts made between two companies controlled by the same officers and stockholders, and will sustain such contracts only when they are fair, free from any taint of fraud or misrepresentation. The following will be in point: 2 Cook on Stock and Stockholders, sec. 662 ; Meeker v. Winthrop Iron Co., 17 Fed. Repr.

48; Gilman, Clinton & Springfield R. R. Co. v. Kelly, 77 Ill. 426; San Diego v. San Diego & Los Angeles R. R. Co., 44 Cal. 106; Brewer v. Boston Theatre, 104 Mass. 378; Bill v. Western Union Tel. Co., 16 Fed. Repr. 14; Wardell v. Union Pacific R. R. Co., 103 U. S. 651.

PER CURIAM, February 11, 1903:

And now, to wit: February 11, 1903, this case having been argued and considered, it is adjudged and decreed that so much of the injunction as prohibits and enjoins the Tindel-Morris Company and the Frankford Steel & Forging Company, and the officers thereof from in any manner dismantling the plant, removing its machinery or otherwise materially changing its present method of operation until final hearing is affirmed. The rest of the injunction is reversed and dissolved, the appointment of receivers is revoked and they are ordered forthwith to turn over the property to the officers of Frankford Steel & Forging Company and file an account of their transactions.

PER CURIAM, February 20, 1903:

It appearing that question has arisen as to the extent of the decree of February 11, 1903 . . . . it is now further adjudged and decreed that the officers of the Frankford Steel & Forging Company are not enjoined from discharging or removing the superintendent and such of the managers, employees and operatives of the said company, including Robert F. Devine, as they may deem expedient, and the said officers shall have full authority and control over all matters concerning the conduct of the works pursuant to the method of operation which was in existence at the time the special injunction issued.